IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOMINION CONSTRUCTION & ARCHITECTURAL SERVICES, LLC, | ) ) ) |
| Plaintiff, | ) Case No. 3:23-cv-00680 ) |
| v. | ) Judge Waverly D. Crenshaw, Jr. ) Magistrate Judge Barbara D. Holmes |
| THOMAS DANIEL MAXWELL d/b/a MAXWELL'S WELDING, | ) ) ) |
| Defendant. | ) |

## DEFAULT JUDGMENT

Pending before the Clerk is Plaintiff Dominion Construction & Architectural Services, LLC's Motion for Default Judgment against Defendant Thomas Daniel Maxwell d/b/a Maxwell's Welding filed pursuant to Federal Rule of Civil Procedure 55(b)(1). (Doc. No. 18). For the following reasons, the Motion is **GRANTED**.

On January 4, 2024, the Clerk entered default against Defendant. (Doc. No. 16). On January 9, 2024, Plaintiff filed the pending Motion for Default Judgment pursuant to Federal Rule 55(b)(1), seeking judgment against Defendant in the principal amount of $83,200.00, plus $6,799.61 in interest, for a total of $89,999.61.[1] (Doc. No. 18). In support of its Motion, Plaintiff submits the Affidavit of Adam Brookins. (Doc. Nos. 18-1).

Upon entry of default, well-pleaded allegations relating to liability are taken as true. *In Re: Family Resorts of America, Inc.*, No. 91-4127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992).

---

[1] The promissory note at issue in this case provided for a default interest rate of the maximum allowed by law. The Department of Financial Institutions Formula rate at the time of default was 11.50%. *See* https://www.tn.gov/content/tn/tdfi/tdfi-how-do-i/info/formula-rate/formula-rate-history.html (last accessed 04/22/2024). However, Plaintiff's Motion seeks recovery of the lower post-judgment rate of 9.50%.

1

Thereafter, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk may enter default judgment "on the plaintiff's request with an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). "Under a plain reading of Rule 55(b)(1), plaintiff's burden is to establish that the damages requested are such that they may be computed to a sum certain and to present an affidavit computing damages." *Meyer v. City of Cincinnati*, 943 F.2d 52 (6th Cir. 1991). Upon review of Plaintiff's Motion for Default Judgment (Doc. No. 18), and the Affidavit of Mr. Brookins (Doc. No. 18-1), the Clerk finds that Plaintiff has met its burden. As a result, the Clerk **GRANTS** Plaintiff's Motion for Default Judgment against Defendant in the amount of $89,999.61. Plaintiff may move for taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.01(a). The Clerk's Office is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58.

s/ <u>Lynda M. Hill</u><br>
Lynda M. Hill<br>
Clerk of Court